IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONIA RENA POLNITZ,

     Plaintiff,

vs.                               Case No.: 3:14cv398/EMT

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

     Defendant.

_____/

## MEMORANDUM DECISION AND ORDER

      This case has been referred to the undersigned magistrate judge for disposition pursuant to the authority of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, based on the parties' consent to magistrate judge jurisdiction (*see* docs. 4, 5). It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("the Act"), for review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401–34, and supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–83.

      Upon review of the record before this court, it is the opinion of the undersigned that certain determinations of the Commissioner are not supported by substantial evidence or do not comport with proper legal principles. Thus, the decision of the Commissioner is reversed and remanded for further proceedings.

## I.     PROCEDURAL HISTORY

On June 30, 2011, Plaintiff protectively filed applications for DIB and SSI alleging disability beginning December 31, 2007 (tr. 14).[1]   Her applications were denied initially and on reconsideration, and thereafter she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on February 5, 2013, and on March 28, 2013, the ALJ issued a decision in which he found Plaintiff "not disabled," as defined under the Act, at any time through the date of his decision (tr. 14–26).   The Appeals Council subsequently denied Plaintiff's request for review.   Thus, the decision of the ALJ stands as the final decision of the Commissioner, subject to review in this court.   Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007).   This appeal followed.

## II.    FINDINGS OF THE ALJ

The ALJ made the following findings in his March 28, 2013, decision (*see* tr. 14–26):

(a)     Plaintiff meets the insured status requirements of the Act through December 31, 2013[2];

(b)     Plaintiff has not engaged in substantial gainful activity since December 31, 2007, her alleged disability onset date;

(c)     Plaintiff has the following severe impairments: obesity, osteoarthritis, essential hypertension, diabetes mellitus, depression, and anxiety;

(d)     Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

---

[1]  All references to "tr." refer to the transcript of Social Security Administration record filed on October 27, 2014 (docs. 7, 8, 9).  Moreover, the page numbers refer to those found on the lower right-hand corner of each page of the transcript, as opposed to those assigned by the court's electronic docketing system or any other page numbers that may appear.

[2]  The time frame relevant to Plaintiff's claim for DIB therefore is December 31, 2007 (the date of alleged onset of disability), through March 28, 2013 (the date of the ALJ's decision), even though Plaintiff was insured for DIB purposes through December 31, 2013.  The time frame relevant to her claim for SSI is June 30, 2011 (the date Plaintiff applied for SSI) through March 28, 2013 (the date of the ALJ's decision). *See* Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (indicating that SSI claimant becomes eligible to receive benefits in the first month in which she is both disabled and has an SSI application on file).

(e)     Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). She can perform the simple, repetitive, one and two-step tasks required to carry out unskilled work.

(f)     Plaintiff is unable to perform any past relevant work;

(g)     Plaintiff was born on June 25, 1970, and thus on the alleged disability onset date was thirty-seven years old, which is defined as a "younger individual, age 18–44" in 20 C.F.R. §§ 404.1563 and 416.963;

(h)     Plaintiff has at least a high school education and is able to communicate in English;

(i)     Transferability of job skills is not material to the determination of disability because application of the Medical-Vocational Rules ("the Grids") directly supports a finding of "not disabled," whether or not Plaintiff has transferable job skills;

(j)     In light of Plaintiff's age, education, work experience, and RFC, jobs that exist in significant numbers in the national economy that Plaintiff can perform. Nothing in the record indicates that Plaintiff's obesity would alter this conclusion.

(k)     Plaintiff has not been under a disability, as defined in the Act, from December 31, 2007, through the date of the decision.

III.     STANDARD OF REVIEW

Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards.  Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied."); *see also* Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles."  Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991).  As long as proper legal standards were applied, the Commissioner's decision will not be disturbed if in light of the record as a whole the decision appears to be supported by substantial evidence. 42 U.S.C. § 405(g); Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998);

Lewis, 125 F.3d at 1439; Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).  Substantial evidence is more than a scintilla, but not a preponderance; it is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)); Lewis, 125 F.3d at 1439.  The court may not decide the facts anew, reweigh the  evidence, or substitute its judgment for that of the Commissioner.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence.  Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do her previous work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id*. § 423(d)(2)(A).  Pursuant to 20 C.F.R. § 404.1520(a)–(g),[3] the Commissioner analyzes a disability claim in five steps:

1.    If the claimant is performing substantial gainful activity, she is not disabled.

2.    If the claimant is not performing substantial gainful activity, her impairments must be severe before she can be found disabled.

3.    If the claimant is not performing substantial gainful activity and she has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if her impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4.    If the claimant's impairments do not prevent her from doing her past relevant work, she is not disabled.

---

[3] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI, but separate, parallel statutes and regulations exist for DIB and SSI claims (*see* 20 C.F.R. §§ 404, 416).  Therefore, citations in this Order should be considered to refer to the appropriate parallel provision.  The same applies to citations of statutes or regulations found in quoted court decisions.

5.      Even if the claimant's impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her RFC and vocational factors, she is not disabled.

The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work.  20 C.F.R. § 404.1512.  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must then prove she cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

IV.    ISSUE PRESENTED

Plaintiff argues that "[b]ecause [she] suffers from limitations which would likely erode the full range of work at the sedentary level" and "because [she] suffers from severe uncontrolled diabetes mellitus" which "significantly limit[s] [her] ability to perform basic work skills,"[4] the ALJ was not entitled to rely exclusively on the Medical-Vocational Guidelines, or the "Grids,"[5] to find her "not disabled" (doc. 11 at 9–10).  Plaintiff therefore asks the court to remand this case "for further proceedings with instructions to the ALJ to determine if Plaintiff is unable to perform a full range of work at a given residual functional level or has non-exertional impairments that significantly limit her basic work skills, [and to] propound a hypothetical to a vocational expert that clearly sets out all of Plaintiff's limitations" (id. at 10).  The Commissioner responds that "Plaintiff failed to prove she could not perform the full range of work at the sedentary exertional level, and she failed to prove that her nonexertional limitations prevented her from performing a wide range

---

[4]  In this case, Plaintiff complains that she suffers limitations, apparently both exertional and non-exertional, due to "the inability to sit or stand for prolonged periods of time," "subjective complaints of dizziness and numbness," "social and occupational functioning impairments," and diabetes that causes severe dizziness, vision problems, and pain and numbness (doc. 11 at 9).

[5]  The Grids, which consist of a matrix based on exertional levels and vocational factors, may be used to direct a conclusion of disabled or not disabled or they may be used as a framework for making that determination.  *See generally* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a).  The matrix results constitute "administrative notice" as to the number of unskilled jobs that exist in the national economy at the various exertional levels.  Thus, when all the claimant's vocational factors coincide with the criteria in the matrix, "the existence of jobs is established."  20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(b).

of work at the sedentary exertional level.  The ALJ, therefore, properly used Grid Rule 201.28 to find Plaintiff could perform other work and was not disabled." (doc. 12 at 6).  According to the Commissioner, Plaintiff "fails to cite one shred of medical evidence that she contends supports her position" (*id.* at 7).  In contrast, the ALJ's decision reflects that he thoroughly reviewed the evidence, including as it pertained to Plaintiff's hypertension, diabetes, joint problems, and mental health conditions (*id.* at 8–9), before properly concluding under the Grids that Plaintiff was "not disabled."

V.     DISCUSSION

        The court's October 28, 2014, Scheduling Order in part requires the parties to file memoranda in support of their respective positions which specifically cite the record by page number for all factual contentions (doc. 10).  The Scheduling Order warns that the failure to do so "will result in the contention(s) being disregarded for lack of proper development" (*id.* at 2).  In this case, in outlining the evidence in her memorandum Plaintiff frequently, although not exclusively, cites large groups of pages from the 979-page transcript rather than provide pinpoint citations.  Specifically, in summarizing the evidence that was before the ALJ and the Appeals Council, Plaintiff cites seven groups of pages having from 5 to 25 pages each, and nine groups of pages having from 26 to 305 pages each  (*see* doc. 11 at  2–6), or a total of generalized references to 670 pages (including some duplicated or overlapping citations).  Moreover, and of even greater consequence, in the "Analysis" section of her memorandum, Plaintiff does not cite a single page of the medical evidence for factual contentions that support her argument for reversal and remand.  As the Scheduling Order cautions, the court therefore disregards the factual contentions presented in the "Analysis" section of Plaintiff's memorandum due to lack of proper development.  Nevertheless, the court considers the basic premise of Plaintiff's legal argument for reversal: that the ALJ erred by relying exclusively on the Grids to find her "not disabled" and failing to consult a VE.  So doing, the court cannot conclude that the ALJ's reliance on the Grids to find Plaintiff "not disabled" should be affirmed.

        The ALJ may not rely on the Grids exclusively when a "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir.

2004).[6]  In Phillips, the court "interpreted 'significantly limit basic work skills' as limitations that prohibit a claimant from performing 'a wide range' of work at a given work level."  *Id.* at 1243; *see also* Foote, 67 F.3d at 1559 (indicating that the ALJ must determine "whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level") (internal quotation marks and citations omitted).  Thus, the ALJ may not rely exclusively on the Grids but rather should consult a VE if the ALJ determines 1) that the claimant is unable to perform a full range of work at a given RFC exertional level, or 2) that the claimant's non-exertional limitations prevent a wide range of work at the stated RFC.  *Id.* at 1243; *see also* Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) ("If nonexertional impairments exist, the ALJ may use Medical–Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform.") (citing Wolfe v. Chater, 86 F.3d 1072, 1077–78 (11th Cir. 1996)).

In this case, the first part of the Phillips inquiry (i.e., whether the claimant is able to perform a full range of work at a given RFC exertional level) is satisfied, because the ALJ found—and, as noted above, Plaintiff has failed to properly dispute—that Plaintiff retains the exertional capacity to perform the *full* range of sedentary work.  Next, as to the second part of the Phillips inquiry (i.e.,

---

[6] Social Security Ruling ("SSR") 96–4p in part provides:

 Exertional limitations or restrictions affect an individual's ability to meet the seven strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling), while nonexertional limitations or restrictions affect an individual's ability to meet the nonstrength demands of jobs (all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions). . . .

[S]ymptoms in themselves are neither exertional nor nonexertional.  An individual's symptoms, however, can cause limitations or restrictions that are classified as exertional, nonexertional, or a combination of both.  For example, pain can result in an exertional limitation if it limits the ability to perform one of the strength activities (e.g., lifting), or a nonexertional limitation if it limits the ability to perform a nonstrength activity (e.g., fingering or concentrating).

SSR 96–4p, TITLES II AND XVI: SYMPTOMS, MEDICALLY DETERMINABLE PHYSICAL AND MENTAL IMPAIRMENTS, AND EXERTIONAL AND NONEXERTIONAL LIMITATIONS, 61 Fed.Reg. 34488–01, 34489, 1996 WL 362210 (SSA July 2, 1996).

whether the claimant's non-exertional limitations prevent a wide range of work at the stated RFC), the court did not locate an explicit finding by the ALJ that Plaintiff's non-exertional limitations do not prevent a wide range of sedentary work.  Even if the ALJ's finding that Plaintiff could "perform [the] simple, repetitive, one and two-step tasks required to carry out unskilled work" should be considered sufficient to implicitly satisfy this inquiry, the court must still consider whether the finding is supported by substantial evidence.

The court first notes that the ALJ's finding that Plaintiff could "perform [the] simple, repetitive, one and two-step tasks required to carry out unskilled work" does not clearly limit Plaintiff to unskilled work; rather, the finding appears to define unskilled work as work which requires the ability to perform simple, repetitive, one and two-step tasks and then conclude that Plaintiff is able to perform such work.  The pertinent regulations in fact define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  *See* 20 C.F.R. §§ 404.1568(a), 416.968(a).

As an initial matter, the court is satisfied that the ability to execute "one and two-step tasks" falls within this definition.  *See* Clifton v. Astrue, 298 F.App's 855, 857 (11th Cir. 2008) (unpublished)[7] (finding that a limitation of "unskilled work" adequately accounted for mild limitations posed by plaintiff's mental impairments).  As to a limitation to simple and repetitive tasks with respect to unskilled work, the court looks for guidance to Vuxta v. Comm'r of Soc. Sec., 194 F. App'x 874, 878 (11th Cir. 2006) (unpublished).  In Vuxta, the Eleventh Circuit remanded for further proceedings after finding that although "a limitation to simple tasks is already contained within the unskilled limitation, and is not a limitation above and beyond that classification," "a limitation to repetitive tasks [ ] is not contained within the definition of unskilled."  *Id.*  Following Vuxta, several cases from the Middle District of Florida—and one from this District—have similarly held that limitations to repetitive, as well as routine, tasks "are not within the definition of unskilled."  *See* Justiniano v. Comm'r of Soc. Sec., No. 6:11-cv-1576-Orl-GJK, 2013 WL 625545, at *11 (M.D. Fla. Feb. 20, 2013) (finding ALJ's determination that Plaintiff's additional limitations had little or no effect on the occupational base was not supported by substantial evidence because the ALJ "failed to provide any explanation or analysis regarding Claimant's limitation to routine and

---

[7]   In the Eleventh Circuit, unpublished cases are not considered binding precedent but may be cited as persuasive authority.  *See* U.S. Ct. of App. 11th Cir. Rule 36-2.

repetitive tasks"); <u>Welcz v. Comm'r of Soc. Sec.</u>, No. 6:12-cv-106-Orl-22GJK, 2013 WL 436166 (M.D. Fla. Feb. 5, 2013) (same) (*adopting report and recommendation* in <u>Welcz v. Comm'r of Soc. Sec.</u>, No. 6:12-CV-106-Orl-22, 2012 WL 7006308, at *13 (M.D. Fla. Dec 17, 2012)); <u>Dever v. Comm'r of Soc. Sec.</u>, No. 6:11–cv–203–Orl–KRS, 2012 WL 3537072, at *3 (M.D. Fla. Aug. 15, 2012) (indicating that limitation to repetitive tasks not included in the definition of unskilled work); <u>Coffin v. Comm'r of Soc. Sec.</u>, No. 6:09–cv–2061–Orl-DAB, 2011 WL 806674, at *8 (M.D. Fla. Mar. 2, 2011) (indicating that limitation to repetitive and routine tasks not included in the definition of unskilled work); <u>Sanders v. Colvin</u>, No. 5:14cv161/WS/EMT, 2015 WL 3466122 (N.D. Fla. June 1, 2015) (citing and relying on <u>Vuxta</u>, <u>Justiniano</u>, <u>Welcz</u>, <u>Dever</u>, and <u>Coffin</u>). *But see* <u>Narlock v. Comm'r of Soc. Sec.</u>, No. 6:07–cv–524–Orl–31KRS, 2008 WL 3364690, at *7 (M.D. Fla. Aug. 8, 2008) (reversing on other grounds but finding that limitations to simple, routine instructions are sufficiently accounted for by unskilled work); <u>Anderson v. Astrue</u>, No. 2:11-00046N, 2011 WL 3843683, at *3 (S.D. Ala. Aug. 30, 2011) (limitations to simple and routine tasks are consistent with the regulatory definition of unskilled work). *See also* <u>Allison v. Apfel</u>, No. 99-4090, 2000 WL 1276950, at *4 (6th Cir. Aug. 30, 2000) (unpublished) (stating that ALJ's limitation to simple, routine, repetitive tasks means unskilled light work).

In this case, the ALJ stated that Plaintiff's "depression and anxiety have not been documented to persist at greater than a moderate level, and she is clearly capable of performing the simple, repetitive, one and two-step tasks required to carry out unskilled work" (tr. 25). The ALJ did not, however, explain why Plaintiff's limitation to unskilled work, as he defined it to include repetitive tasks, fully took into account her moderate psychiatric symptoms or how it correlated with his findings that has "mild restrictions on her activities of daily living," "mild estimated difficulties in maintaining social functioning," and "moderate deficiencies of concentration, persistence, or pace" (*id.*; *see also* tr. 18–19). Although, as stated, some district courts within the Eleventh Circuit (and one Circuit Court of Appeals from another circuit, in an unpublished decision) have concluded that a limitation to repetitive (and/or routine) tasks is encompassed within (or consistent with) the definition of unskilled work, the undersigned finds the positions taken in <u>Vuxta</u>, <u>Justiniano</u>, <u>Welcz</u>, <u>Dever</u>, and <u>Coffin</u>—which rely on the SSA's definitions of "unskilled"—to be more persuasive. The court therefore concludes that the ALJ should have provided a more thorough explanation or

analysis concerning his finding that Plaintiff is able to perform unskilled work that includes repetitive tasks, even though such tasks are not within the definition of "unskilled."  Reversal and remand for further proceedings is therefore warranted for the ALJ to do so and, if necessary, elicit the testimony of a VE.

Even if reversal is not warranted based on the foregoing, another basis for reversal and remand exists.  As noted, the ALJ found that Plaintiff has "mild restrictions on her activities of daily living," "mild estimated difficulties in maintaining social functioning," and "moderate deficiencies of concentration, persistence, or pace"  (tr. 25; *see also* tr. 18–19).  Although the ALJ found Plaintiff was "not disabled" under the Grids without consulting a vocational expert ("VE"), numerous courts have concluded that such limitations warrant expert vocational testimony.  *See* Sorrow v. Colvin, No. 1:13-cv-02883-AJB, 2015 WL 630429, at *14–15 (N.D. Ga. Feb. 12, 2015) (stating that ALJ's findings of mild difficulties with social functioning and moderate difficulties with concentration, persistence, or pace should require testimony of VE to determine whether non-exertional limitations significantly compromise claimant's work skills or preclude her from performing a wide range of work); Frizzo v. Astrue, No. 6:11-cv-1318-Orl-31TEM, 2012 WL 3668049, at *13 (M.D. Fla. Aug. 7, 2012) (indicating that, in light of ALJ's findings that claimant had mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and could not meet quotas or similar production requirements, it was "conceivable" that such limitations would have more than a minimal effect on the vocational base); *see also* Bonds v. Astrue, No. 07–1135, 2008 WL 2952446, at *11–12 (D.S.C. July 29, 2008) (indicating that whether Plaintiff's moderate impairment in the area of concentration, persistence and pace eroded the occupational base and to what degree it was eroded was a determination for a VE); Chapa v. Astrue, No. 05–253, 2008 WL 952947, at *6 (N.D. Tex. Apr. 8, 2008) (reversing because ALJ applied Grids instead of obtaining VE testimony where claimant had moderate impairment in the area of concentration, persistence and pace).  Accordingly, on remand the ALJ should reexamine whether Plaintiff's "mild restrictions on her activities of daily living," "mild estimated difficulties in maintaining social functioning," and "moderate deficiencies of concentration, persistence, or pace" require testimony from a VE to determine whether Plaintiff is precluded from performing a wide range of sedentary work.

VI.     CONCLUSION

For the foregoing reasons, the undersigned concludes that the Commissioner's decision should not be affirmed and that this matter should be reversed and remanded for additional proceedings.    *See* 42 U.S.C. § 405(g); <u>Foote</u>, 67 F.3d at 1556 (remanding for additional administrative proceedings).

Accordingly, it is **ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.  The clerk is directed to close the file.

At Pensacola, Florida this 22<u>nd</u> day of June 2015.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**